UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE LUIS SEVILLA and REYNA TELLO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-3594-B |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA, N.A.; and SETERUS, INC., | § § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s (BANA) Motion for Summary

Judgment. Doc. 16. For the reasons set forth below, the Motion is **GRANTED**.

I.

BACKGROUND[1]

This case arises out of a dispute regarding the foreclosure of Plaintiffs' property. On April 5,

2007, Jorge Luis Sevilla and Reyna Tello (collectively Plaintiffs) purchased property located at 2660

Windswept Lane, Mesquite, Texas 75118 (Property). Doc. 1-1, Pls.' Compl. ¶ 12; Doc. 1-1, Special

Warranty Deed, Ex. A. To make the purchase, Plaintiffs executed a promissory note (Note) with

BANA for an original principal amount of $142,900.00. Doc. 1-1, Pls.' Compl. ¶ 13. To secure the

---

[1] The Court draws its factual account from the allegations contained in Plaintiffs Sevilla and Tello's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction and Request for Disclosure. Doc. 1-1 [hereinafter Pls.' Compl.]. The Court also draws from BANA's briefing on the Motion for Summary Judgment before the Court. Any contested facts are noted as such.

Note, Plaintiffs executed a deed of trust (DOT) to BANA. Doc. 1-1, Pls.' Compl. ¶ 13; Doc. 1-1, Deed of Trust, Ex. B.

Plaintiffs allegedly made timely payments on the Note until late 2013, when Plaintiffs experienced financial hardship. Doc. 1-1, Pls.' Compl. ¶ 14. At this point in time, BANA no longer had an interest in the Note or DOT; the Federal National Mortgage Association (Fannie Mae) had been assigned the interest. *Id.* ¶ 14. Fannie Mae purchased the Property at a non-judicial foreclosure sale on July 7, 2015. *Id.* ¶ 32. Fannie Mae then served Plaintiffs with a Complaint for Forcible Detainer with a trial date in October 2015. *Id.* ¶ 34. Plaintiffs filed their Original Petition in state court several days before the scheduled trial. *See generally id.* Plaintiffs brought their suit against BANA, Fannie Mae, the mortgage servicer, Seterus, Inc. (Seterus), and Richard Snoke. Plaintiffs alleged three causes of action against BANA specifically: (1)wrongful foreclosure; (2) common law fraud; and (3) filing of a false lien or claim. Doc. 1-1, Pls.' Compl. ¶¶ 38–48, 57–61. The suit was timely removed to this Court in November 2015. *See* Doc. 1, Notice of Removal.

There is a dispute between Plaintiffs and BANA over how Fannie Mae obtained an interest in the DOT. Plaintiffs reference and attach to their Complaint a Corporation Assignment of Deed of Trust (Assignment of DOT) whereby Countrywide Home Loans, Inc. (Countrywide) assigned Plaintiffs' DOT to Fannie Mae in 2011. Doc. 1-1, Pls.' Compl. ¶ 16; Doc. 1-1, Assignment of DOT, Ex. C. Plaintiffs contend that without proof of the original lender, BANA, having never assigned the DOT to Countrywide, Countrywide could not have had the authority to assign the DOT to Fannie Mae in 2011. *See* Doc. 1-1, Pls.' Compl. ¶ 17. Essentially, Plaintiffs point to a gap in the chain of assignment. In its Motion, BANA, on the other hand, references a Corrective Assignment of Deed of Trust (Corrective Assignment of DOT) filed in May 2013 that corrects the Assignor's name from

Countrywide to BANA. Doc. 18,  App. in Supp. 18 [hereinafter BANA's App.]. BANA contends, therefore, that Countrywide was not the entity that assigned the DOT to Fannie Mae, but rather the DOT was directly assigned from BANA.

BANA filed its Motion for Summary Judgment in July 2016. Doc. 16. Plaintiffs did not file a Response. As such, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. *Id.* at 322–23.

If the movant meets that burden, then it falls to the non-movant to "show with significant probative evidence that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*,

232 F.3d 473, 477 (5th Cir. 2000) (internal quotation marks omitted) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). And significant probative evidence is just that: significant. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). In other words, "metaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Id.* (internal citations and quotation marks omitted). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324).

To be sure, the court views evidence in the light most favorable to the non-movant when determining whether a genuine issue exists. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But it need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Simply put, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Id.* If it cannot, then the court must grant summary judgment. *Little*, 37 F.3d at 1076.

Plaintiffs did not respond to BANA's Motion. Plaintiffs' lack of a response means that Plaintiffs have not designated specific facts showing there is a genuine issue for trial and Plaintiffs are, therefore, relegated to their unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991). Thus, while Plaintiffs' failure to respond does not permit the Court to enter a "default" summary judgment, the Court is allowed to accept the evidence presented

by BANA as undisputed. *Eversley v. Mbank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (holding that a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). As such, this Court accepts BANA's evidentiary assertions as undisputed. *See Ragas*, 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Denmark v. Cole*, 2:02-cv-0295, 2005 WL 3293988, at *3 (N.D. Tex. Nov. 30, 2005) (When a plaintiff fails to respond, "the Court is permitted to accept the defendants' evidence as undisputed and may grant summary judgment to the defendants upon a prima facie showing of entitlement.").

## III.

## ANALYSIS

BANA asserts that Plaintiffs do not have standing to challenge the assignment of the DOT because Plaintiffs are not parties to the assignment.[2] Doc. 17, Def.'s Br. in Supp. Mot. Summ. J. 9 [hereinafter BANA's Br.]. Because all of Plaintiffs' claims rest on their challenge to the assignment, BANA argues that all of Plaintiffs' claims must fail and that the Court should grant its Motion. *Id.* The Court agrees with BANA.

Borrowers have limited standing to challenge assignments of their DOTs because they are not parties to the assignment. *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015). Although "'the law is settled' in Texas that [a borrower] cannot defend against an assignee's

---

[2] A defendant's argument that a plaintiff cannot challenge the validity of an assignment to which he was not a party is a challenge to that plaintiff's statutory standing, and not his Article III standing. *Scott v. Bank of America, N.A.*, SA-12-cv-00917-DAE, 2013 WL 1821874, at *4 n.2 (W.D. Tex. Apr. 29, 2013) (citing *Blanchard 1986, Ltd. V. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008)).

efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the [borrower] *may* defend 'on any ground which renders the assignment void.'" *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (quoting *Tri–Cities Const., Inc. v. Am. Nat. Ins. Col*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975)). Only void assignments may be challenged by borrowers because a void assignment would not pass title, and the borrower has an interest "to insure [sic] himself that he will not have to pay the same claim twice." *Holloway v. Wells Fargo Bank, N.A.*, 3:12-cv-2184-G-BH, 2013 WL 1187156, at *6 (N.D. Tex. Feb. 26, 2013) (quoting *Tri-Cities Const., Inc.*, 523 S.W.2d at 430).

Examples of challenges that would merely render the assignment voidable would be that someone without authorization signed a conveyance on behalf of an assignor or an argument over enforcing specific contractual terms in the assignment agreement. *Reinagel*, 735 F.3d at 225; *Deutsche Bank Nat'l Trust Co. v. Burke*, 117 F. Supp. 3d 953, 959 (S.D. Tex. 2015); *Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). If an assignment is merely voidable, only the assignor, not the obligor, may bring the cause of action to challenge the assignment. *Burke*, 117 F. Supp. 3d at 959. An allegation of forgery, on the other hand, is an argument that would render the assignment void. *Vazquez v. Deutsche Bank Nat'l Trust Co.*, 441 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

BANA argues that Plaintiffs lack standing to challenge the assignment because they are not parties to it, and furthermore, their challenge is not one that would render the assignment void. *See* Doc. 17, BANA's Br. 9. Plaintiffs' challenge—that Countrywide was never granted an interest in the DOT, so it could not assign it to Fannie Mae—would not render the assignment void, argues BANA, because it is a false assertion. *See id.* As discussed above, BANA attaches the Corrective Assignment

of DOT, which indicates that listing Countrywide as the assignor on the 2011 Assignment of DOT was a mistake and that the proper assignor was BANA. Doc. 18, BANA's App. 28. Due to Plaintiffs' failure to respond to BANA's Motion, the Court can accept the evidence presented by BANA as undisputed. *See Eversley*, 843 F.2d at 174 (5th Cir. 1991). Therefore, it is undisputed that BANA, and not Countrywide, assigned the DOT to Fannie Mae in 2011. In light of this finding, the Court will now consider Plaintiffs' challenge to the assignment and determine if they have standing to challenge it.

In their Complaint, Plaintiffs attempt to challenge the assignment by calling it "void" and "fraudulent on its face" because the initial Assignment of DOT listed Countrywide as the assignor, and Countrywide did not have the authority to assign the DOT to Fannie Mae. Doc. 1-1, Pls.' Compl. ¶ 17. This kind of challenge would be one to render the assignment void because "Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose." *Miller v. Homecomings Financial, LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012) (collecting cases). The problem, then, is not with Plaintiffs' type of argument, but with the substance.

As discussed above, it is already established as undisputed that BANA assigned the DOT to Fannie Mae, so BANA resolved Plaintiffs' concern. Plaintiffs' challenge to Countrywide's authority, then, is unfounded. Based on the undisputed summary judgment evidence, Plaintiffs' argument about Countrywide would not render the assignment void. Furthermore, the Court cannot construe Plaintiffs' argument as also challenging the assignment from BANA to Fannie Mae because in their Complaint, Plaintiffs state, "To be crystal clear, the only party that had any possible standing or

authority to convey Plaintiffs' loan to Defendant Fannie Mae was the original lender, Defendant Bank of America, N.A." Doc. 1-1, Pls.' Compl. ¶ 20.

Plaintiffs also appear to challenge the authority of the Seterus employees acting on Fannie Mae's behalf because, Plaintiffs allege, there is no proof they had the lawful authority to execute instruments on Fannie Mae's behalf. *Id.* ¶¶ 21–26. This, however, does not challenge the assignment itself because Plaintiffs' arguments focus on the lack of evidence provided them during the loan servicing process that would have demonstrated Seterus's relationship with Fannie Mae and its' had lawful authority to act on behalf of Fannie Mae. *See id.* ¶ 24. Indeed, Plaintiffs' arguments challenging Seterus's authority appear to rest on the assumption that Fannie Mae did have interest in the DOT because written evidence of Fannie Mae granting Seterus authority would have addressed Plaintiffs' concerns. Therefore, the Court does not consider this argument as part of Plaintiffs' challenge to the assignment.

BANA's undisputed evidence indicates that BANA assigned the DOT to Fannie Mae. Plaintiffs do not put forth any other argument in their Complaint that could be construed as a challenge to the validity of the assignment, and furthermore, they do not dispute BANA's authority to assign the DOT. The Court finds, then, that BANA met its burden of establishing that Plaintiffs lack standing to challenge the assignment. As Plaintiffs did not file a Response, they have presented no evidence that would create a genuine issue of material fact to the contrary. Therefore, the Court finds it appropriate to **GRANT** BANA's Motion as to the issue of standing. Furthermore, because each of Plaintiffs' claims against BANA rests on the theory that the assignment of the DOT was void, Plaintiffs similarly lack standing to pursue each of the three claims made against BANA:(1)

wrongful foreclosure;[3] (2)common law fraud;[4] and (3) filing a false lien or claim.[5] Thus, the Court

**GRANTS** Defendant's Motion in its entirety.

## IV.

## CONCLUSION

For the reasons stated above, Defendant BANA's Motion for Summary Judgment (Doc. 17)

is **GRANTED**. Accordingly, Plaintiffs' claims against Defendant BANA are **DISMISSED with**

**prejudice.**

**SO ORDERED.**
**FEBRUARY 13, 2017**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs bring a wrongful foreclosure claim against BANA and argue that the foreclosure was wrongful because Fannie Mae did not have an interest in the DOT because it was wrongfully assigned by Countrywide. Doc. 1-1, Pls.' Compl. ¶ 39. Because Plaintiffs' argument is based on a challenge to the assignment, Plaintiffs do not have standing to bring their wrongful foreclosure claim against BANA.

[4] Plaintiffs also bring a claim of common law fraud against BANA. Plaintiffs allege that Defendants' actions of recording an assignment that was executed by Countrywide to Fannie Mae, and then Fannie Mae acting upon that assignment when Plaintiffs stopped making payments, constitutes a false representation of material fact on which Plaintiffs relied to their detriment. Doc. 1-1, Pls.' Compl. ¶ 46. Plaintiffs' argument is based, again, on the validity of the assignment, and therefore Plaintiffs do not have the standing to challenge it.

[5] Plaintiffs bring a claim of filing a false lien or claim against BANA in violation of § 12.002 of the Texas Civil Practice and Remedies Code. Plaintiffs argue that Defendants violated the statute and filed a false lien or claim when the Assignment of DOT was filed with Countrywide's name because Countrywide had no authority to assign the DOT. Doc. 1-1, Pls.' Compl. ¶ 58. Similar to the other causes of action, Plaintiffs' claim is based on their challenge to the assignment, and they do not have the standing to challenge it. In BANA's Motion, it alternatively argues that even if Plaintiffs did have standing, they could not bring a claim under this statute because the statute does not cover deeds of trust, and Texas federal courts have held that an assignment of mortgage does not create a lien or claim. Doc. 17, BANA's Br. 15. Because the Court has determined that Plaintiffs do not have standing to challenge the assignment, the Court does not reach Defendants' alternative argument.